UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA** | ) |
| | ) |
| **VS.** | ) Case No: 2:23-cr-443-AMM-NAD |
| | ) |
| **QUINTON COSTELLOS KNOX,** | ) |
|     **Defendant.** | ) |

# ORDER

This case is before the court on Defendant Quinton Costellos Knox's Motion to Suppress. Doc. 14. The government filed an opposition to Mr. Knox's Motion to Suppress. Doc. 22. The magistrate judge held an evidentiary hearing on February 20, 2024. Doc. 26. On April 8, 2024, the magistrate judge entered a report recommending that the court deny the Motion to Suppress. Doc. 27. Mr. Knox has filed objections to that recommendation. Doc. 28.

In his objections, Mr. Knox does not argue that the magistrate judge's report contained any factual errors. Rather, Mr. Knox objects to the magistrate judge's weighing of the evidence and ultimate legal conclusions.

Mr. Knox's objections primarily rely upon *Arizona v. Gant*, 556 U.S. 332 (2009). *See* Doc. 28 at 4–10. Mr. Knox argues that "the R&R failed to address . . . a significant change in the law [that] occurred in 2009 under *Arizona v. Gant*," and "the cases cited in the R&R predate" *Gant*. Doc. 28 at 4. Mr. Knox argues that *Gant*

imposes certain limitations on when "[o]fficers may search a vehicle incident to arrest" and that the search at issue here was not executed within those limitations. *Id.*

This argument does not support rejecting the magistrate judge's recommendation, which concluded that the subject evidence was obtained when the scope of an inventory search was properly expanded based on probable cause—not because of a search incident to arrest. *See* Doc. 16 at 16–17. *Gant* also expressly affirms "other established exceptions to the warrant requirement," such as precedent that "authorizes a search of any area of the vehicle in which evidence might be found" when "there is probable cause to believe a vehicle contains evidence of criminal activity," including "searches for evidence relevant to offenses other than the offense of arrest." 456 U.S. at 346–47.

*Gant* does not mention inventory searches or overrule *Michigan v. Thomas*, 458 U.S. 259 (1982), upon which the magistrate judge's recommendation relies. Although Mr. Knox's objections argue that *Gant* "ostensibly" involved an inventory search and that *Gant* imposes specific limitations on inventory searches, Doc. 28 at 5, 8, this court cannot find support for those arguments within *Gant*. *See generally* 456 U.S. 332. Because Mr. Knox's objections do not support rejecting the magistrate judge's recommendation, the court **OVERRULES** his objections. Doc. 28.

Having carefully reviewed and considered de novo all the materials in the record, including the report and recommendation and the objections thereto, the court hereby **ADOPTS** the magistrate judge's report and **ACCEPTS** the recommendation. Doc. 27. Thus, the court **DENIES** Mr. Knox's Motion to Suppress. Doc. 14.

**DONE** and **ORDERED** this 21st day of May, 2024.

_____
**ANNA M. MANASCO**
UNITED STATES DISTRICT JUDGE